IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KELLEY TROY COOLEY,<br>        Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 06-178 Erie |
| COUNTY EXECUTIVE MARK<br>DIVECCHIO, et al.,<br>        Defendants. | ) ) ) ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss amended complaint filed on behalf of "Defendants Mark DiVecchio and Erie County Courthouse" [Document # 27) be denied.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

Plaintiff Kelly Troy Cooley, a prisoner presently incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania, brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Defendants County Executive Mark DiVecchio ("DiVecchio") and Erie County, Pennsylvania ("Erie"). In his *pro se* complaint, Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by imposing excessive bail, thus causing him to be wrongfully imprisoned on three different occasions: from August 20, 2004 to December 8, 2004; from April 20, 2005 to May 27, 2005; and from December 4, 2005 to December 14, 2005. Plaintiff seeks monetary damages, and injunctive and declaratory relief.

On May 8, 2007, a motion to dismiss amended complaint was filed on behalf of

1

"Defendants Mark DiVecchio and Erie County Courthouse" [Document # 27].[1]  The motion is accompanied by a two-page brief, simply asserting that Defendant DiVecchio "has absolutely nothing to do with making determinations regarding bail or supervising the Judges or District Attorney's office," and that "there are no allegations detailing how Mark DiVecchio established a pattern or practice of condoning the imposition of excessive bail and Mark DiVecchio cannot be held liable under a § 1983 claim based upon a theory of respondeat superior." (Document # 28 at pp. 1-2).  Despite being given ample time to do so, Plaintiff has not filed a response to this motion.  This matter is now ripe for consideration.

### B.     Standards of Review
#### 1.     Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the

---

[1] The Court is perplexed by the inclusion of Erie County Courthouse as a party to this motion, as Erie County Courthouse has never been identified as a Defendant in this case. As a result of this error, no responsive pleading has yet been received from the other proper Defendant in this case, Erie County, Pennsylvania.

light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

3

### C.    Discussion

The only Eighth Amendment claim asserted against Defendant DiVecchio is based upon *respondeat superior*. In particular, Plaintiff alleges that "the policy to provide excessive bail was created by [Defendant DiVecchio] who [is] a final policymaker for the municipality Erie County..." (Document # 25, Second Amended Complaint, at ¶ 11).

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 11958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

In this case, Plaintiff has sufficiently alleged that Defendant DiVecchio was personally involved in the creation of a "policy to provide excessive bail," which was allegedly imposed against Plaintiff, thus causing him to be wrongfully imprisoned on three different occasions. Defendant DiVecchio seeks to have this claim dismissed based solely upon his counsel's unsubstantiated statement that "Mark DiVecchio, the County Executive, has absolutely nothing to do with making determinations regarding bail or supervising the Judges or District Attorney's office." (Document # 28 at p. 1). Such a statement, standing alone, is not sufficient to nullify

4

Plaintiff's well-pleaded allegations, and does not provide an adequate basis for this Court to dismiss Plaintiff's claim. Had evidence of this argument been presented, the motion to dismiss may have been converted to a motion for summary judgment under the rule and considered in that light. As it stands, the allegations have been made appropriately and will survive a motion to dismiss.

### III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss amended complaint filed on behalf of "Defendants Mark DiVecchio and Erie County Courthouse" [Document # 27) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See e.g., Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 8, 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief U.S. Magistrate Judge

Dated:  November 20, 2007

cc:     The Honorable Maurice B. Cohill
        United States District Judge