IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLEY TROY COOLEY,　　　　　　)
　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　　C.A. No. 06-178 Erie
　　　　　　　　　　　　　　　　　)
COUNTY EXECUTIVE MARK　　　　　　)
DIVECCHIO, et al.,　　　　　　　)
　　　　　Defendants.　　　　　　 )


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.　　RECOMMENDATION**

It is respectfully recommended that:

　　1.　Plaintiff's motion for summary judgment and/or declaratory judgment [Document # 45] be denied;

　　2.　The motion to dismiss filed on behalf of Defendant Erie County [Document # 50] be denied; and

　　3.　The motion for summary judgment filed on behalf of Defendant DiVecchio [Document # 56] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims for declaratory and injunctive relief should be dismissed, as Plaintiff lacks standing to obtain such relief.


**II.　　REPORT**

　　**A.　　Relevant Procedural History**

Plaintiff Kelly Troy Cooley, a prisoner presently incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania, brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Defendants County Executive Mark DiVecchio ("DiVecchio") and Erie County, Pennsylvania ("Erie County"). In his *pro se* complaint, and amendments thereto, Plaintiff alleges that Defendants have created a policy, practice or custom of imposing excessive

1

bail in violation of his Eighth Amendment rights, which has "capriciously caus[ed] him to be wrongfully imprisoned, and forced to remain imprisoned during pretrial and trial proceedings" on four different occasions: from August 20, 2004 to December 8, 2004; from April 20, 2005 to May 27, 2005; from December 4, 2005 to December 14, 2005; and from April 24, 2006 to March 2007. (See Document # 62, Plaintiff's opposition brief, at pp. 2-3). In addition, Plaintiff claims that the alleged excessive bail policy constitutes "racial profiling against blacks in Erie County," which the Court construes as an equal protection claim under the Fourteenth Amendment. Plaintiff seeks monetary damages, and injunctive and declaratory relief.

On November 7, 2007, Plaintiff filed a motion for summary judgment and/or declaratory judgment [Document # 45], claiming that Defendants have "failed to properly defend against this civil action." (Id. at ¶ 1). Neither Defendant has filed a direct response to this motion. Instead, Defendant Erie County has filed a motion to dismiss Plaintiff's claims against it based upon Eleventh Amendment immunity [Document # 50], while Defendant DiVecchio has filed a motion for summary judgment, seeking dismissal of Plaintiff's claims against him, as a matter of law, because the Erie County Home Rule Charter does not give him the power or authority to promulgate any policy regarding bail. [Document # 56].[1] Plaintiff has filed a brief, and a declaration with attached exhibits, in opposition to both Defendants' motions. [Document ## 62, 64]. This matter is now ripe for consideration.

### B. Relevant Factual History

On August 20, 2004, Plaintiff was charged with committing multiple felony and misdemeanor offenses, including Burglary, Rape, Criminal Attempt and Unlawful Restraint, for which he was detained in the Erie County Prison, subject to payment of a $75,000 cash bond (Document # 3, Complaint, at Section IV.C.1). This bond was subsequently reduced to $50,000 cash. (Id. at Section IV.C.4). After a jury trial, Plaintiff was ultimately found not guilty of all

---

[1] Defendant DiVecchio previously filed a motion to dismiss based upon a substantially similar argument, which motion was denied by Order of District Judge Maurice B. Cohill, dated March 4, 2008. [Document # 66].

charges on December 7, 2004, and was released from Erie County Prison. (Id.). Because Plaintiff was unable to afford either the original or reduced cash bond, he remained in prison from the date of his arrest to the date of his release after trial.

On April 20, 2005, Plaintiff was arrested and charged with Rape "and other serious offenses," for which he was again detained in Erie County Prison, subject to payment of a $75,000 cash bond, which he could not afford. (Document # 3, Complaint, at Section IV.C.2). These charges were subsequently dismissed against him at his preliminary hearing, and Plaintiff was released from prison on May 27, 2005. (Id.).

On December 4, 2005, Plaintiff was arrested and charged with committing Aggravated Assault and "other crimes," and was placed in pretrial detention at the Erie County Prison, subject to a $ 25,000 cash bond, which Plaintiff was unable to pay. (Document # 3, Complaint, at Section IV.C.3). These charges were dropped at Plaintiff's preliminary hearing and Plaintiff was released from prison on December 14, 2005. (Id.).

On or about April 24, 2006, Plaintiff was charged with committing Robbery, Retail Theft, Receiving Stolen Property, Harassment, and Disorderly Conduct, and was detained in Erie County Prison subject to a $ 25,000 cash bond. (Document #16, Exhibits A and J). Plaintiff claims that he was held in pretrial detention until March 2007, because he was unable to pay the required cash bond. (Document # 62 at p. 3).

### C.     Standards of Review
#### 1.     Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).   The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.

Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### 2.  Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine as to any material fact and that the moving party is entitled to a judgment as matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the initial burden of showing the basis for its motion. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(non-movant must present affirmative evidence-more than a scintilla but less than a preponderance-to support his claims). When deciding a motion for summary judgment, a court must draw all reasonable inferences in

4

the light most favorable to the non-movant.  Bailey v. United Airlines, 279 F.3d 194, 198 (3d Cir. 2002) quoting Battaglia v. McKendry, 233 F.3d 720, 722 (3d Cir. 2000).  Nonetheless, a party opposing summary judgment must do more than rest upon mere allegations, general denials, or vague statements, rather, "the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial."  In re Ikon Office Solutions, 277 F.3d 658, 666 (3d Cir. 2002).

On a motion for summary judgment, the district court may not weigh the credibility or weight of the evidence, rather, it may only determine the existence of a triable issue of fact.  Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).  A genuine issue is one in which the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P.

5

12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).

**D.     Discussion**

**1.     Eleventh Amendment Immunity**

Defendant Erie County argues that Plaintiff's claim against it by the Eleventh Amendment's immunity provision.[2]  First, the Court notes that the Eleventh Amendment only bars individuals from seeking monetary damages from state governments or state agencies. Chittister v. Dep't of Community and Economic Development, 226 F.3d 223 (3d Cir. 2000). Here, Plaintiff seeks injunctive and declaratory relief, as well as monetary damages.  Thus, to the extent Defendant Erie County seeks dismissal of Plaintiff's claims for injunctive and declaratory relief based upon Eleventh Amendment immunity, its motion to dismiss should be denied.

Second, "[w]hile Eleventh Amendment immunity may be available for states [and state agencies], its protections do not extend to counties." Chisholm v. McManimon, 275 F.3d 315, 322 (3d Cir. 2001), citing Lincoln County v. Luning, 133 U.S. 529 (1890).  See also Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency, 440 U.S. 391, 401 (1979)("the Court has consistently refused to construe the [Eleventh] Amendment to afford protection to political subdivisions such as counties and municipalities, even though such entities exercise a 'slice of state power.'").  Indeed, a municipal defendant may be held liable under § 1983 when the execution of its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may be fairly said to represent official policy, inflicts the injury," as Plaintiff alleges in this

---

[2] The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  Thus, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court.  See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d Cir. 2002).

6

case. Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978). As a result, Defendant Erie County's motion to dismiss based solely upon Eleventh Amendment immunity, should be denied.

### 2. Defendant DiVecchio

Plaintiff has alleged that "the policy to provide excessive bail was created by [Defendant DiVecchio] who [is] a final policymaker for the municipality Erie County..." (Document # 25, Second Amended Complaint, at ¶ 11). Defendant DiVecchio has moved for the entry of summary judgment in his favor based upon his argument that he "has absolutely no authority or ability to promulgate any policy regarding bail," as evidenced by Article III, Section 5 of the Erie County Home Rule Charter, which sets forth the powers and duties of the County Executive. (Document # 56, ¶ 2).

In a case such as this, Plaintiff "must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990). In order to identify who has policymaking responsibility, 'a court must determine which official has final, unreviewable discretion to make a decision or take an action." Andrews, 895 F.2d at 1481.

Here, Erie County's Home Rule Charter makes clear that Defendant DiVecchio is not vested with any authority to oversee the actions of the Magisterial District Judges located within Erie County, nor does he have any power or authority to establish parameters for setting bail. Plaintiff has not produced any evidence to the contrary. As a result, summary judgment should be entered in favor of Defendant DiVecchio and against Plaintiff.

### 3. Claims for Declaratory and Injunctive Relief

Although neither Defendant has sought to dismiss Plaintiff's claims for declaratory and injunctive relief, the Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;

7

or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or *sua sponte*, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'".).

In this case, Plaintiff seeks declaratory relief, in the form of an order declaring the unconstitutionality of Erie County's alleged excessive bail policy, and injunctive relief, in the form of an order eliminating the use of excessive bail "in future criminal cases widespread." (Document # 25, Second Amended Complaint, at ¶ 13). To have standing to sue for injunctive or declaratory relief, Plaintiff must be the person who will be injured by the future action sought to be enjoined. City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983). "The Plaintiff must show that he 'has sustained or is in immediate danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" Id. at 101-2 (citations omitted). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." O'Shea v. Littleton, 414 U.S. 488, 495-6 (1974).

In O'Shea, the plaintiffs brought a civil rights action alleging, *inter alia*, that a magistrate and an associate judge of a county circuit court engaged in unconstitutional bond-setting,

8

sentencing, and jury-fee practices that affected the plaintiffs. The Supreme Court observed that the prospect of future injury rested on "the likelihood that [plaintiffs] will again be arrested for and charged with violations of the criminal law and will again be subjected to bond proceedings, trial, or sentencing before [the judicial defendants]." O'Shea, 414 U.S. at 496. In such circumstances, the Supreme Court concluded that there was no case or controversy at issue, because the threat to the plaintiffs was not "sufficiently real and immediate to show an existing controversy simply because they anticipate violating lawful criminal statutes and being tried for their offenses...." Id. The same holds true here.

Plaintiff cannot show that he is in immediate danger of being injured by the challenged policy or practice in this case. To find such danger, one would have to assume that Plaintiff is likely to be arrested and charged with additional criminal charges in the immediate future, for which bail would likely be set, pending trial. Such a finding is speculative and not "sufficiently real and immediate to show an existing controversy." As a result, Plaintiff has failed to present a live case or controversy for which equitable relief would be warranted in this case and, thus, Plaintiff's claims for declaratory and injunctive relief should be dismissed.

### 4. Plaintiff's Summary Judgment Motion

Based on the foregoing, the only claims that should remain pending in this case are Plaintiff's Eighth Amendment and equal protection claims against Defendant Erie County, to the extent he seeks to recover monetary damages. With regard to these claims, Plaintiff has generally moved for the entry of summary judgment in his favor. [Document # 45].

In order to succeed on his Eighth Amendment claim, Plaintiff must show that the bail that was imposed upon him was excessive in light of the valid interests the state sought to protect by offering bail. See United States v. Salerno, 481 U.S. 739, 754 (1987). Instead, Plaintiff merely argues that "the Erie County District Justices set bail in the amounts Plaintiff could not afford." (Document # 62 at p. 7). However, "a detainee's inability to post bail does not inherently make bail excessive." Campbell v. Johnson, 2008 WL 490592 at * 6 (N.D.Fla. Feb. 20, 2008), citing United States v. McConnell, 842 F.2d 105, 107 (5th Cir. 1978)("bail

9

setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement"); Pugh v. Rainwater, 572 F.2d 1053, 1069 (5th Cir. 1978)("people may not be denied reasonable bail in bailable cases, but they are not entitled to bail on their own terms.... If reasonable bail is set and the defendant cannot make it the Constitution does not command that he shall be released").

"To determine whether the [Eighth Amendment's] Excessive Bail Clause has been violated, the court should look to the valid state interests bail is intended to serve and determine whether bail was greater than necessary to achieve the purposes for which it was imposed." There is no evidence of record from which this Court may determine that the bail that was imposed upon Plaintiff "was greater than necessary to achieve the purposes for which it was intended." Thus, Plaintiff has not presented this Court with enough evidence to warrant the entry of summary judgment in his favor on his Eighth Amendment claim.

With regard to his equal protection claim, Plaintiff makes the broad assertion that "blacks receive higher bails in Erie. More than whites." (Document # 62 at p. 11). While such a conclusory allegation is minimally sufficient to state a cognizable equal protection claim, it is hardly sufficient to warrant the entry of summary judgment without further evidentiary support, which is absent from the record presently before this Court.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. Plaintiff's motion for summary judgment and/or declaratory judgment [Document # 45] be denied;

2. The motion to dismiss filed on behalf of Defendant Erie County [Document # 50] be denied; and

3. The motion for summary judgment filed on behalf of Defendant DiVecchio [Document # 56] be granted.

It is further recommended that, pursuant to the authority granted to courts in the Prison Litigation Reform Act, Plaintiff's claims for declaratory and injunctive relief should be dismissed, as Plaintiff lacks standing to obtain such relief.

The only claims that should remain pending are Plaintiff's Eighth Amendment and equal protection claims against Defendant Erie County, to the extent Plaintiff seeks monetary damages.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

          /s/Susan Paradise Baxter  
          SUSAN PARADISE BAXTER  
          Chief U.S. Magistrate Judge

Dated: April 18, 2008

cc:    The Honorable Maurice B. Cohill  
       United States District Judge