IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KELLEY TROY COOLEY,            )
                               )
           Plaintiff,          )
                               )
     v.                        )    C.A. No. 06-178 ERIE
                               )
COUNTY EXECUTIVE MARK DIVECCHIO,)
 et al,                        )
                               )
           Defendants.         )

## MEMORANDUM ORDER

Plaintiff's complaint was received by the Clerk of Court on August 9, 2006, and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On May 16, 2008, pro se plaintiff Kelley Troy Cooley requested leave to amend his complaint, the request was denied by the Magistrate Judge, and rather than filing an appeal to this member of the Court, Cooley filed objections. Recently, on September 29, 2009, Magistrate Judge Baxter acknowledged Cooley's error and entered the following text-only Order, which refers to docket entry numbers parenthesis:

> TEXT ORDER denying (129) Motion for Hearing re (78) MOTION to Amend/Correct (3) Complaint filed by KELLEY TROY COOLEY, as this Court already issued an Order on June 5, 2008, denying the amendment as frivolous (Document # 81). Plaintiff never appealed this Order to the District Judge; instead, Plaintiff filed objections, which are only appropriate for a Report and Recommendation issued by a Magistrate Judge. Because of Plaintiff's apparent misunderstanding regarding the appropriate procedure to follow, this Court will grant Plaintiff permission to file an appeal to the District Judge nunc pro tunc, and will construe Plaintiff's previous objections at Document # 84 , as well as Plaintiff's Motion for Hearing at Document # 129 , as Plaintiff's appeal from this Court's Order of June 5, 2008 (Document # 81). The Clerk is directed to forward to the District Judge Document ## 84 and 129 to be considered as Plaintiff's appeal of such order, and to note the docket

1

accordingly. Signed by Judge Susan Paradise Baxter on 09/29/2009. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter.

Therefore, presently pending before this member of the Court is plaintiff's appeal from the order issued by the Magistrate Judge Baxter on June 5, 2008, in which she denied plaintiff's motion to amend/correct the complaint, and plaintiff's "objections" thereto. The defendant has not filed a response and indeed, was not required to.

"After amending once or after an answer has been filed, the plaintiff may amend only with leave of the court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.'" Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting Fed. R. Civ.P. 15(a)). The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir.1990) (citations omitted). Amendment, however, is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indem., 151 F.R.D. 570, 574 (E.D. Pa.1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir.2000). Futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997). If the proposed amendment "is frivolous or advances a claim or defense that is legally insufficient on its face, the court may deny leave to amend." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D. N.J.1990).

We have carefully reviewed the plaintiff's proposed amendments (Doc. 78), the Magistrate Judge's Order dated June 5, 2008 (Doc. 81), and plaintiff's objections thereto, as well as applicable law. We will overrule said objections because the Magistrate Judge did not err in her decision to deny plaintiff's motion to amend the complaint on the grounds of frivolity and/or futility. Furthermore, Cooley does not point to any facts which can reasonably be said to give rise to the inference that any or all of the proposed defendants, even if they could be held liable, had an agreement or understanding to engage in racial profiling or were

otherwise pursuing his criminal prosecution in violation of any cognizable constitutional right. Accordingly, we will affirm the Magistrate Judge's Order dated June 5, 2008 (Doc. 81).

In response to this text-only Order dated September 29, 2009, however, on October 8, 2009, plaintiff filed a "Request to File New Appeal Nunc Pro Tunc and/or Plaintiff's Request for an Enlargement of Time to Appeal the 9/29/09 Order of the Magistrate Judge." (Doc. 130) (hereinafter, "Request to File New Appeal"). This action is subject to sua sponte screening for dismissal under 18 U.S.C. § 1915(e)(2)(B). In the Request to File New Appeal, Mr. Cooley raises several new matters, including, inter alia, a claim of violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 et seq., which were not part of his original Objections to the denial of his motion to Amend/Correct. The request will be denied for numerous reasons. First, for the reasons previously explained by the Court, many of Cooley's allegations are frivolous and futile because the defendants are immune from suit. 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1) and (2). Even so, if we were to grant the requested amendments, this would cause undue delay in this proceeding. Our Order denying Cooley's motion for injunctive relief was upheld on appeal. Discovery has ended. A motion for summary judgment is pending. Plaintiff has previously been permitted prior amendments. His initial Complaint was filed August 15, 2006 (Doc. 6), which was amended without a requirement of court approval prior to service on January 4, 2007 and again, April 17, 2007 (Docs. 16 and 25); this most recent request to file a "new appeal nunc pro tunc" was filed October 8, 2009, over three years after initiation of this action. We take judicial notice of the record of his state court proceedings, this matter, as well as another related civil action he has initiated (Civil Action No. 07-208 Erie) (pending). We will therefore deny his request on the additional grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and because said amendments would not be in the interest of justice. The request to file a new appeal nunc pro tunc will be denied.

AND NOW, this 29th day of October, 2009;

IT IS HEREBY ORDERED THAT "Plaintiff's Objections to the Magistrate's Order to Deny Amendment 6/5/08" (Doc. 84) are overruled;

IT IS FURTHER ORDERED THAT the Order of Chief Magistrate Judge Baxter denying

the amendments, dated June 5, 2008 (Doc. 81) is affirmed.

IT IS FURTHER ORDERED THAT "Request to File New Appeal Nunc Pro Tunc and/or Plaintiff's Request for an Enlargement of Time to Appeal the 9/29/09 Order of the Magistrate Judge" (Doc. 130 be and the same is hereby DENIED.

*Maurice B. Cohill, Jr.*
MAURICE B. COHILL, JR.
United States District Judge

cc: Susan Paradise Baxter, U.S. Magistrate Judge

all parties of record